■ JEAN L. WEBER, Appellant, v RUSSELL J. BELLINGER et al., Respondents.

After commencement of an action for personal injuries, plaintiff died. That event terminated her attorney's authority to act and stayed the proceedings pending substitution of a legal representative (CPLR 1015; *Matter of Einstoss,* 26 NY2d 181; *Silvagnoli v Consolidated Edison Employees Mut. Aid Socy.,* 112 AD2d 819). No administrator was appointed for the estate, and after almost two years defendants moved for dismissal on the ground that substitution was not made within a reasonable time. Special Term granted that motion without complying with the directive that notice first be given to those interested in decedent's estate to show cause why dismissal should not be granted (CPLR 1021). Accordingly, the court lacked jurisdiction, and its order is a nullity (*see, Silvagnoli v Consolidated Edison Employees Mut. Aid Socy., supra; Dorney v Reddy,* 45 AD2d 754). This dismissal does not preclude an application to have a representative substituted for plaintiff, nor does it preclude a new motion at Special Term

for the relief which defendants seek after such substitution or upon proper notice to those interested in plaintiff's estate. (Appeal from order of Supreme Court, Herkimer County, Aloi, J.—dismiss complaint.) Present—Dillon, P. J., Callahan, Doerr, Boomer and Schnepp, JJ.