PEOPLE v KEITH SMITH, Defendant. [626 NYS2d 710] —Motion for change of venue denied. Same Memorandum as in *People v Jones* (214 AD2d 1051 [decided herewith]). Present— Pine, J. P., Lawton, Wesley, Davis and Boehm, JJ.

 PEOPLE, Respondent, v KARL BROOME, Appellant. [627 NYS2d 591] —Motion to preclude respondent from filing brief denied. Memorandum: Defendant has not filed an "original record * * * stipulated" or "settled", pursuant to 22 NYCRR 1000.5 (a) (3). Therefore, the 30 days within which respondent must file its brief has not begun to run *(see,* 22 NYCRR 1000.7). Present—Green, J. P., Pine, Wesley, Davis and Boehm, JJ.

 ALFRED PAVONE, Appellant-Respondent, v KEVIN A. WALTERS et al., Respondents-Appellants and Third-Party Plaintiffs-Appellants, et al., Defendants. QUALITY LUMBER & BUILDERS SUPPLY Co., INC., et al., Third-Party Defendants-Respondents. [626 NYS2d 339] —Motion for substitution as appellant-respondent dismissed and appeals dismissed without costs. Memorandum: Plaintiff's death on July 13, 1993 "terminated [his] attorney's authority to act and stayed the proceedings pending substitution of a legal representative (CPLR 1015; *Matter of Einstoss,* 26 NY2d 181; *Silvagnoli v Consolidated Edison Employees Mut. Aid Socy.,* 112 AD2d 819)" *(Weber v Bellinger,* 124 AD2d 1009). Because there was no substitution *(see,* CPLR 1021), Supreme Court lacked jurisdiction to act, its order is a nullity, and this Court lacks jurisdiction to consider either the appeals from that order or this motion *(see, Weber v Bellinger, supra).* Present—Pine, J. P., Lawton, Wesley, Davis and Boehm, JJ.