■ MARILYN HALPERIN, Respondent, and ELLIOT HALPERIN, Plaintiff, v WALDBAUM'S SUPERMARKET, Also Known as WALDBAUM, INC., Appellant. [653 NYS2d 686] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Queens County (Rutledge, J.),

dated November 14, 1995, which denied its motion for summary judgment dismissing the complaint.

Ordered that the appeal from so much of the order as denied that branch of the defendant's motion which was to dismiss the complaint insofar as asserted on behalf of the plaintiff Elliot Halperin is dismissed and that portion of the order is vacated; and it is further,

Ordered that the order is otherwise reversed, on the law, that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Marilyn Halperin is granted, and the complaint insofar as asserted by Marilyn Halperin is dismissed; and it is further,

Ordered that the appellant is awarded one bill of costs.

The plaintiff Elliot Halperin died before the defendant moved for summary judgment. It appears that no substitution by a legal representative took place as required by CPLR 1015 (a). Under these circumstances, the order as it pertains to the plaintiff Elliot Halperin is a nullity and this Court has no jurisdiction to hear and determine the appeal as it pertains to him (*see, Bossert v Ford Motor Co.,* 140 AD2d 480; *Ludlam Stead v Rezza,* 118 AD2d 628).

With respect to the plaintiff Marilyn Halperin, we conclude that the defendant demonstrated its entitlement to summary judgment based on the absence of actual or constructive notice. Mrs. Halperin claims to have fallen on a stray bottle cap. However, there is no proof that the bottle cap in question had been present on the floor of the defendant's store, prior to the occurrence, for a period of time sufficient to support the inference that the defendant, in the exercise of reasonable care, knew or should have known of its existence (*Simmons v Metropolitan Life Ins. Co.,* 84 NY2d 972; *Winecki v West Seneca Post 8113,* 227 AD2d 978). Although Mrs. Halperin averred that she had been on the premises "on many prior occasions * * * and [had] noticed the store's floors [were] generally messy with various debris", the operative rule is that "a 'general awareness' that a dangerous condition may have been present is legally insufficient to constitute notice of the particular condition that caused the plaintiff's fall" (*Bernard v Waldbaum, Inc.,* 232 AD2d 596, 597, quoting *Piacquadio v Recine Realty Corp.,* 84 NY2d 967; *see also, Kraemer v K-Mart Corp.,* 226 AD2d 590; *Mercer v City of New York,* 223 AD2d 688, *affd* 88 NY2d 955; *Snyder v Golub Corp.,* 199 AD2d 776; *Paolucci v First Natl. Supermarket Co.,* 178 AD2d 636). Bracken, J. P., O'Brien, Florio and Luciano, JJ., concur.