■ Charles Brown, Appellant, v John Konczeski, Respondent. [661 NYS2d 891] —Carpinello, J. Appeal from an order of the Supreme Court (Lynch, J.), entered July 25, 1996 in Schenectady County, which granted defendant's motion for summary judgment dismissing the complaint.

This action was commenced in August 1993 to recover damages for personal injuries allegedly sustained by plaintiff when he fell off defendant's porch. Plaintiff died intestate in March 1995. In January 1996, defendant moved for summary judgment dismissing the complaint on the ground that he had no actual or constructive notice of any defective condition. Despite Supreme Court's order that a party be substituted for plaintiff by June 3, 1996, no representative was appointed for plaintiff's estate nor was the ordered substitution of parties effected. In August 1996, Supreme Court granted defendant's summary judgment motion and dismissed the complaint, noting that there was no opposition thereto although the attorneys for plaintiff had written to the court to explain their difficulty in having an estate representative appointed.

Upon plaintiff's death, this matter was automatically stayed and no action could be taken by either party absent statutory authority (*see,* Alexander, Practice Commentaries, McKinney's

Cons Laws of NY, Book 7B, CPLR C1021:2, at 238). Because no substitution of parties was made prior to defendant's motion for summary judgment, the summary judgment motion was null and void. Notwithstanding Supreme Court's legitimate interest in bringing the action to conclusion, its order is a nullity and this Court lacks jurisdiction to hear and determine this appeal (*see*, *Matter of Einstoss*, 26 NY2d 181, 189-190; *Halperin v Waldbaum's Supermarket*, 236 AD2d 514, 515; *Bossert v Ford Motor Co.*, 140 AD2d 480). We note that the application on appeal was not a motion to dismiss for failure to substitute a personal representative within a reasonable time made on notice to the persons interested in the estate (*see*, CPLR 1015, 1021). We further note that to the extent that defendant alleges that plaintiff waived any issue regarding Supreme Court's jurisdiction on appeal by failing to raise it in opposition to his motion for summary judgment, plaintiff's counsel had no authority to act on plaintiff's behalf after his death and any subsequent action by counsel on his behalf would have been null and void (*see*, *Monteleone v Hickey*, 174 AD2d 940; *Bossert v Ford Motor Co.*, *supra*).

Crew III, J. P., White, Peters and Spain, JJ., concur. Ordered that the appeal is dismissed, without costs.