■ JANE ANDERSON, Appellant, v JAMES V. GILLILAND, JR., Respondent. [665 NYS2d 126] —Peters, J. Appeal from an order of the Supreme Court (Donohue, J.), entered February 5, 1997 in Albany County, which denied plaintiff's motion to restore the case to the trial calendar.

In September 1988, plaintiff was injured in an automobile accident when the vehicle in which she was a passenger was struck from behind by defendant's vehicle. In September 1991, she commenced this personal injury action against defendant.

Scheduled for trial in May 1994, an adjournment was granted due to the unavailability of a witness. Plaintiff agreed to strike her note of issue and Supreme Court, in turn, removed the case from the trial calendar. In April 1995, the case was scheduled for a calendar call at which time Supreme Court directed plaintiff's attorney to refile the note of issue if the matter could not be settled. Nothing further transpired until February 1996 when plaintiff moved to have her case restored

to the trial calendar. Plaintiff died on March 22, 1996, three days after the return date on the motion. Supreme Court denied the motion and this appeal ensued.

We note that after plaintiff's death, numerous documents were filed with the court, including an affidavit of Michael Anderson, decedent's son who was appointed coadministrator for her estate, as well as an affidavit of decedent's counsel in further support of the motion. However, no motion for substitution was made by the coadministrators (*see,* CPLR 1015, 1021). Accordingly, "[n]otwithstanding [the court's] legitimate interest in bringing the action to conclusion" (*Brown v Konczeski,* 242 AD2d 847), the order made by Supreme Court between plaintiff's death and the substitution of a qualified personal representative is a nullity since, upon the death of a party, all proceedings are automatically stayed (*see,* Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C1021:2, at 238). Having no jurisdiction to hear and determine this appeal (*see, Pavone v Walters,* 214 AD2d 1052; *Forth v McQuire,* 193 AD2d 1146), we must dismiss it.

Crew III, J. P., Yesawich Jr., Spain and Carpinello, JJ., concur. Ordered that the appeal is dismissed, without costs.