■ FRANCES KELLY, Appellant, v METHODIST HOSPITAL et al., Respondents. [714 NYS2d 524] —In an action to recover damages for medical malpractice and wrongful death, the appeal is from an order of the Supreme Court, Kings County (Spodek, J.), dated May 28, 1999, which denied the motion purportedly made by Frances Kelly, the deceased plaintiff, *inter alia*, to extend the time to file a note of issue, and dismissed the complaint.

Ordered that the appeal is dismissed, without costs or disbursements, and the order dated May 28, 1999, is vacated.

In 1988, Frances Kelly, who was the widow of John Kelly and the administrator of his estate, commenced an action to recover damages for medical malpractice and wrongful death. Frances Kelly also asserted a derivative cause of action to recover damages for loss of services. In 1991 Frances Kelly died intestate, necessitating the appointment of a new administrator for John Kelly's estate as well as the appointment of an administrator for Frances Kelly's estate. In 1994 Stephen Kelly, who is John Kelly's son from a prior marriage, was appointed administrator of his father's estate. However, there is no indication in the record that he was ever properly substituted as a plaintiff in this action (*see,* CPLR 1015 [a]; 1021). An administrator was finally appointed for Frances Kelly's estate in March 1999, but has not been substituted as a plaintiff.

In the order appealed from, the Supreme Court, *inter alia*, dismissed the complaint based on the failure to have a legal representative appointed for Frances Kelly's estate in a timely manner and Frances Kelly's noncompliance with various court orders, all issued after her death.

The death of a party divests a court of jurisdiction. Because no legal representatives for John Kelly's estate and Frances Kelly have been substituted as plaintiffs in accordance with CPLR 1015 (a) and CPLR 1021, the Supreme Court's order is a nullity and must be vacated, "[n]otwithstanding [the court's] legitimate interest in bringing the action to conclusion" (*Brown v Konczeski,* 242 AD2d 847, 848; *see, Cocozzelli, Lerner, Meunkle & Grossman v Basile,* 247 AD2d 354; *Anderson v Gilliland,* 245 AD2d 654; *Schraven v Town of Tonawanda,* 238 AD2d 952; *Halperin v Waldbaum's Supermarket,* 236 AD2d 514). In addition, this Court has no jurisdiction to hear and determine the appeal (*see, Cocozzelli, Lerner, Meunkle & Grossman v Basile, supra*; *Anderson v Gilliland, supra*; *Schraven v Town of Tonawanda, supra*; *Halperin v Waldbaum's Supermarket, supra*). Contrary to the defendants' contention, the jurisdictional impediment was not waived (*see, Brown v Konczeski, supra*; *Silvagnoli v Consolidated Edison Empls. Mut. Aid Socy.,* 112 AD2d 819). We note that the order appealed from did not decide a motion to dismiss for failure to substitute a personal representative within a reasonable time made on notice to the persons interested in the estate (*see,* CPLR 1021; *Brown v Konczeski, supra*), and the defendants are not precluded from making such a motion (*see, Weber v Bellinger,* 124 AD2d 1009).

We note that were we to consider the remaining issues raised by the parties, we would find that they are either without merit or not properly before us on this appeal. O'Brien, J. P., Thompson, Sullivan and Altman, JJ., concur.