■ GWENDOLYN THOMAS, Appellant, v BENEDICTINE HOSPITAL et al., Respondents. [779 NYS2d 587]—

Rose, J. Appeal from an order of the Supreme Court (Bradley, J.), entered July 9, 2003 in Ulster County, which, inter alia, granted defendants' motions to dismiss the complaint.

On March 18, 2002, during the pendency of this medical malpractice action, plaintiff died intestate. Plaintiff's counsel did not inform Supreme Court or opposing counsel of her death until defendants moved for summary judgment in December 2002. Supreme Court then stayed all proceedings pursuant to CPLR 1015. When no motion for substitution of plaintiff's estate had been made by the end of March 2003, defendants moved for dismissal of the complaint under CPLR 1021. Pursuant to that statute, and at Supreme Court's direction, notice of defendants' motions was given to the two persons whom plaintiff had identified as her only living relatives during her October 2000 deposition. Those persons failed to respond, but plaintiff's counsel opposed defendants' motions, cross-moved for appointment of the public administrator as administrator of plaintiff's estate and asserted that plaintiff had adopted a son whose residence was unknown. Supreme Court denied the cross motion and granted

---

defendants' motions for failure to substitute plaintiff's estate as the party plaintiff.

Since Supreme Court complied with the notice requirements of CPLR 1021 by directing service upon all those then known to be interested in plaintiff's estate, it had jurisdiction to decide defendants' motions (*see Hyman v Booth Mem. Hosp.*, 306 AD2d 438, 438 [2003]; *cf. Weber v Bellinger*, 124 AD2d 1009, 1009 [1986]). On the other hand, the authority of counsel to act on plaintiff's behalf terminated upon her death (*see Gonzalez v Ford Motor Co.*, 295 AD2d 474, 475 [2002]; *Brown v Konczeski*, 242 AD2d 847, 848 [1997]). The subsequent letter from plaintiff's counsel to the court while the motions were pending decision did not disturb Supreme Court's jurisdiction. Although counsel asserted that plaintiff's son had been located and asked for time to seek his appointment as administrator by Surrogate's Court, counsel neither appeared in the action on the son's behalf nor offered an affidavit from the son or anyone else with personal knowledge confirming that plaintiff has a son. In the event that plaintiff has a son and he were to be appointed administrator of the estate, he would not be precluded from moving for vacatur of the dismissal if he were able to show reasonable excuse for the delay, merit and no undue prejudice to defendants (*see Wynter v Our Lady of Mercy Med. Ctr.*, 3 AD3d 376, 378 [2004]).

Where, as here, no motion for substitution is made, counsel for a deceased plaintiff—unlike the appointed representative of the estate—has no standing to appeal an order dismissing the complaint pursuant to CPLR 1021. As a result, this Court is without jurisdiction to hear and determine the appeal purportedly brought on plaintiff's behalf (*see Bossert v Ford Motor Co.*, 140 AD2d 480, 481 [1988]; *Muth v Benjamin*, 109 AD2d 736, 736 [1985]).

Spain, J.P., Mugglin and Lahtinen, JJ., concur. Ordered that the appeal is dismissed, with one bill of costs.