HARRY A. GIROUX, Appellant, v DUNLOP TIRE CORPORATION, Respondent. [791 NYS2d 769]—

Appeal from a judgment of the Supreme Court, Erie County (Robert E. Whelan, J.), entered January 6, 2004. The judgment was entered in favor of defendant and against plaintiff upon an order that granted defendant's motion to dismiss the complaint for failure to substitute the administrator of plaintiff's estate in place of the deceased plaintiff in a personal injury action.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff retained an attorney to represent him in a personal injury action. Despite the fact that plaintiff thereafter died, the attorney nevertheless engaged in settlement negotiations with defendant's attorney, which included settlement conferences with Supreme Court. The attorney retained by plaintiff did not, however, advise either defendant's attorney or the court of plaintiff's death. A settlement was reached nearly three years after plaintiff's death, and plaintiff's wife was thereafter appointed administrator of the estate. She executed a stipulation of settlement and release in the personal injury action, whereupon defendant's attorney learned that plaintiff had died nearly three years before the settlement was reached. Defendant thereafter brought a motion seeking an order voiding the settlement agreement and dismissing the action with prejudice pursuant to CPLR 1021. Plaintiff's attorney cross-moved to substitute plaintiff's administrator as plaintiff in the action. The court granted the motion and denied the cross motion, and we affirm.

The death of plaintiff "terminated [his] attorney's authority to act and stayed the proceedings pending the substitution of a legal representative" (*Weber v Bellinger*, 124 AD2d 1009, 1009 [1986]; *see Thomas v Benedictine Hosp.*, 8 AD3d 781, 782 [2004]; *Pavone v Walters*, 214 AD2d 1052 [1995]). Indeed, "[a] party's death 'divests a court of jurisdiction to conduct proceedings in an action until a proper substitution has been made pursuant to CPLR 1015 (a)' " (*Noriega v Presbyterian Hosp. in City of N.Y.*, 305 AD2d 220, 221 [2003]; *see also Schraven v Town of Tonawanda*, 238 AD2d 952 [1997]). We conclude that plaintiff's attorney failed to seek substitution "within a reasonable time" after plaintiff's death (CPLR 1021) and thus that the court properly granted the motion and denied the cross motion. Finally, we note that, because plaintiff's attorney cross-moved for substitution, this Court has jurisdiction to decide this appeal (*cf. Thomas*, 8 AD3d at 782; *Schraven*, 238 AD2d 952 [1997]). Present—Green, J.P., Scudder, Gorski, Martoche and Pine, JJ.