■ TRANSPORT WORKERS UNION OF AMERICA LOCAL 100 AFL-CIO et al., Appellants-Respondents, v ALAN G. SCHWARTZ et al., Respondents-Appellants, and STEVEN M. ROSS, Respondent. [794 NYS2d 308]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered January 12, 2004, which, to the extent appealed from as limited by the briefs on these cross appeals, granted the motions of defendants Alan G. Schwartz, Glen Allen Associates, Ltd. and Glen Equities, Ltd. (the Schwartz defendants) to dismiss certain causes of action, denied dismissal of the first, second and fourth causes for trial against those defendants, and granted defendant Steven M. Ross's motion to dismiss the complaint as against him, unanimously modified, on the law, the fifth cause of action reinstated as against the Schwartz defendants only, and otherwise affirmed, without costs.

The Commercial Division properly found that the first and fourth causes of action, alleging breach of fiduciary duty and seeking damages and an accounting and disgorgement of commissions, were timely as to the Schwartz defendants because they had a continuous fiduciary relationship with plaintiffs until 2000 (*see Zaref v Berk & Michaels*, 192 AD2d 346, 348 [1993]). Those defendants were equitably estopped from asserting a statute-of-limitations defense as to the second cause of action for breach of contract (*see Simcuski v Saeli*, 44 NY2d 442, 448-449 [1978]). The civil conspiracy claims against defendant Ross in the fourth and fifth causes of action were properly dismissed inasmuch as he was a nonfiduciary against whom nothing more than knowing acquiescence was alleged therein (*see Kaufman v Cohen*, 307 AD2d 113, 126 [2003]), as was the

General Business Law § 349 claim, inasmuch as the transaction at issue was not "consumer-oriented" (*see New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 321 [1995]).

However, the fifth cause of action, alleging actual fraud, was erroneously dismissed under the statute of limitations (CPLR 213 [8]) on an apparent misreading of plaintiffs' argument. The court noted that plaintiffs had conceded, in their opposing memorandum of law, having discovered defendants' fraud in 2000. What the cited passage actually said was that defendant Schwartz's fiduciary relationship with plaintiffs ended in 2000, not that the fraud was discovered at that time. While we have been advised that the remaining causes of action, including the fourth cause of action for constructive fraud, have subsequently been dismissed on a motion for summary judgment, the question of whether this claim of actual fraud should remain is best left to the Commercial Division.

We have considered the parties' remaining contentions for affirmative relief and find them unavailing. Concur—Andrias, J.P., Sullivan, Williams, Gonzalez and Catterson, JJ.