GARY L. WILSON, JR., et al., Respondents, v ACEA M. MOSEY, as Administrator with Limitations of the Estate of MICHAEL M. BRENON, Deceased, Appellant. [852 NYS2d 884]—

Memorandum: Plaintiffs commenced this action seeking damages for injuries they sustained when a vehicle operated by Michael M. Brenon (decedent) allegedly ran a red light and struck the vehicle operated by plaintiff Gary L. Wilson, Jr. and in which plaintiff Tami Hill was a passenger. Decedent subsequently died intestate and, approximately 20 months after his death, his attorney moved, inter alia, to dismiss the complaint based upon plaintiffs' failure to substitute decedent's estate within a reasonable time (*see* CPLR 1015 [a]; 1021). Supreme Court properly denied that part of the motion. The record establishes that the individuals interested in decedent's estate did not receive the requisite notice to show cause why the motion to dismiss should not be granted (*see Gonzalez v Ford Motor Co.*, 295 AD2d 474, 475 [2002]; *Weber v Bellinger*, 124 AD2d 1009 [1986]; *cf. Thomas v Benedictine Hosp.*, 8 AD3d 781, 782 [2004]). Further, decedent's attorney failed to demonstrate prejudice resulting from the delay, and there is a strong public policy favoring the disposition of cases on the merits (*see Johnson v Trivedi*, 41 AD3d 1259, 1260 [2007]; *Egrini v Brookhaven Mem. Hosp.*, 133 AD2d 610 [1987]). Present—Scudder, P.J., Martoche, Smith, Green and Gorski, JJ.