■ THE PEOPLE OF THE STATE OF NEW YORK, by ELIOT SPITZER, Attorney General of the State of New York, on Behalf of THE ULTIMATE CHARITABLE BENEFICIARIES, Respondent, v SHEILA K. BEN, as Executrix of MICHAEL RISTAU, Deceased, Appellant, et al., Defendant. [866 NYS2d 464]—

Appeal from an order of the Supreme Court, Onondaga County (Donald A. Greenwood, J.), entered May 29, 2007. The order, insofar as appealed from, granted in part plaintiff's motion and dismissed certain affirmative defenses asserted by defendant Sheila K. Ben, as executrix of the estate of Michael Ristau, deceased, and denied the cross motion of that defendant to dismiss the complaint.

It is hereby ordered that the order so appealed from is unanimously modified on the law by granting the cross motion in part and dismissing the third cause of action and as modified the order is affirmed without costs.

Memorandum: On May 26, 2005, plaintiff commenced an action against Michael Ristau and Heart to Heart—Living With Addiction, Inc., a not-for-profit corporation formed by him. Ristau moved to dismiss the complaint (first complaint) against him pursuant to CPLR 3211 (a) (8), for lack of personal jurisdiction based on improper service of process, but he died while the motion was pending. Sheila K. Ben was appointed executrix of Ristau's estate on January 3, 2006, and approximately three months later plaintiff moved to substitute her in the action as the executrix of Ristau's estate. Supreme Court granted Ristau's motion to dismiss the complaint and determined that plaintiff's motion for substitution therefore was moot.

On June 20, 2006, plaintiff filed a new complaint (second complaint) with a new index number, naming Ben as a defendant, as the executrix of Ristau's estate. Plaintiff subsequently moved to dismiss the affirmative defenses asserted by Ben alleging, inter alia, that the action was time-barred. In her answering affidavit, treated as a cross motion by the court, Ben sought dismissal of the second complaint as time-barred. We conclude that the court erred in denying Ben's cross motion in its entirety.

We note at the outset that the court erred in determining that the six-month recommencement provision set forth in CPLR 205 (a) applies to the second complaint. The order dismissing the first complaint is a nullity because, upon the death of Ristau, the court was divested "of jurisdiction to conduct proceedings in [the] action until a proper substitution [was] made pursuant to CPLR 1015 (a)" (*Giroux v Dunlop Tire Corp.*, 16 AD3d 1068, 1069 [2005] [internal quotation marks omitted]; *see Singer v Riskin*, 32 AD3d 839, 839-840 [2006]). Although plaintiff moved for substitution (*see* CPLR 1015 [a]; 1021; *Giroux*, 16 AD3d at 1069), the court granted Ristau's motion to dismiss the complaint and expressly stated on the record that plaintiff's motion for substitution was deemed moot. As a

result, the first complaint remains in effect and, contrary to plaintiff's contention, the six-month recommencement provision set forth in CPLR 205 (a) does not apply.

With respect to the merits of Ben's cross motion to dismiss the second complaint, we conclude that the court properly determined that the causes of action for breach of fiduciary duty and faithless servant liability are not time-barred. Causes of action for breach of fiduciary duty are governed by a three-year statute of limitations when only monetary damages are requested, and a six-year statute of limitations when equitable relief is sought (*see* CPLR 213; *Bouley v Bouley,* 19 AD3d 1049, 1051 [2005]). The statute of limitations is tolled "until the fiduciary has openly repudiated his or her obligation or the relationship has been otherwise terminated" (*Westchester Religious Inst. v Kamerman,* 262 AD2d 131, 131 [1999]). "The reason for such a tolling rule is that the beneficiary should be entitled to rely upon a fiduciary's skill without the necessity of interrupting a continuous relationship of trust and confidence by instituting suit" (*Golden Pac. Bancorp v Federal Deposit Ins. Corp.,* 273 F3d 509, 519 [2001]). We reject Ben's contention that the tolling rule with respect to breach of fiduciary duty does not apply to the benefit of the Attorney General (*see* N-PCL 112, 720). We also reject Ben's contention that the tolling rule in question applies only to equitable claims (*see Transport Workers Union of Am. Local 100 AFL-CIO v Schwartz,* 17 AD3d 218 [2005]). We note in addition that Ben errs in contending that plaintiff is seeking to invoke the doctrine of equitable estoppel to extend the statute of limitations. The tolling rule with respect to breach of fiduciary duty does not involve the doctrine of equitable estoppel. Thus, plaintiff is entitled to the benefit of the tolling rule in question, and the causes of action for breach of fiduciary duty and faithless servant liability were timely interposed when the second complaint was filed, regardless of whether the three-year or the six-year statute of limitations applies.

We agree with Ben, however, that the cause of action for common-law fraud is time-barred. The record before us establishes that plaintiff knew of or reasonably could have discovered the alleged fraud by June 19, 2003 (*see Hillman v City of New York,* 263 AD2d 529 [1999], *lv denied* 94 NY2d 759 [2000]; *see also Kaufman v Cohen,* 307 AD2d 113, 122 [2003]). Because plaintiff's discovery of the alleged fraud occurred no later than June 2003 and the action was not commenced until June 20, 2006, more than two years later, the common-law fraud cause of action is untimely pursuant to CPLR 213 (8). We therefore modify the order accordingly. Present—Scudder, P.J., Centra, Fahey, Peradotto and Green, JJ.