# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

80

CA 14-02205

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND SCUDDER, JJ.

---

IN THE MATTER OF THE ESTATE OF SHIRLEY T.
TROMBLEY, DECEASED.
------------------------------------------
THOMAS F. TROMBLEY, AS ADMINISTRATOR C.T.A.
OF THE ESTATE OF SHIRLEY T. TROMBLEY,
DECEASED, PETITIONER-APPELLANT;                      MEMORANDUM AND ORDER

BONNIE M. MARTIN, RESPONDENT-RESPONDENT.

---

MICHAEL F. YOUNG, LOWVILLE, D.J. & J.A. CIRANDO, ESQS., SYRACUSE (JOHN
A. CIRANDO OF COUNSEL), FOR PETITIONER-APPELLANT.

CONBOY, MCKAY, BACHMAN & KENDALL, LLP, WATERTOWN (STEPHEN W. GEBO OF
COUNSEL), FOR RESPONDENT-RESPONDENT.

---

Appeal from an order of the Surrogate's Court, Lewis County
(Charles C. Merrell, S.), entered February 13, 2014. The order
directed respondent to pay $8,588.46 to the Estate of Shirley T.
Trombley, deceased.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by granting that part of the petition
seeking a determination that the entire value of the certificates of
deposit constitutes an asset of the Estate of Shirley T. Trombley, and
as modified the order is affirmed without costs, and the matter is
remitted to Surrogate's Court, Lewis County, for further proceedings
in accordance with the following memorandum:  Petitioner commenced
this proceeding on March 5, 2013 pursuant to SCPA 2103 seeking the
discovery and delivery of certain assets that allegedly belong to the
Estate of Shirley T. Trombley. Petitioner and respondent are
decedent's children, and petitioner is the executor of decedent's
estate. We agree with petitioner that Surrogate's Court erred in
determining that one half of the value of three of decedent's
certificates of deposit (CDs) were gifts to respondent. Although
there is a statutory presumption that a disposition of personal
property to two or more persons creates in them a tenancy in common
(*see* EPTL 6-2.2 [a]), respondent stood in a fiduciary relationship
with decedent as her power of attorney, and it is undisputed that the
CDs were funded solely by decedent (*see Matter of Timoshevich*, 133
AD2d 1011, 1012). Under such circumstances, "it was incumbent upon
[respondent] to show that decedent's will was not overborne and that
she intended to make a gift of [one half of the value of the CDs] to
[respondent]" (*id*. at 1012-1013). Here, respondent did not make the
requisite showing, and we therefore deem the full value of the CDs to

be assets of decedent's estate.  We therefore modify the order accordingly, and we remit the matter to Surrogate's Court for further proceedings consistent with this decision.

We reject petitioner's further contention that the Surrogate erred in dismissing as untimely his claims for a return to decedent's estate of certain real property that had belonged to decedent, but which she had transferred to respondent, insofar as those claims were based on breach of fiduciary duty, unjust enrichment, and constructive trust.  A claim for breach of fiduciary duty such as the one asserted herein is subject to a six-year statute of limitations (*see* CPLR 213 [1]; *Bouley v Bouley*, 19 AD3d 1049, 1051), and the claim accrues when the fiduciary openly repudiates his or her obligation or the fiduciary relationship has otherwise been terminated (*see People v Ben*, 55 AD3d 1306, 1308).  Here, the Surrogate correctly determined that the instant claim for breach of fiduciary duty accrued when decedent died in January 2004 inasmuch as her death terminated respondent's power of attorney (*see* General Obligations Law § 5-1511 [1] [a]).

Petitioner's claims based on unjust enrichment and constructive trust are also subject to a six-year statute of limitations and accrue upon the "occurrence of the wrongful act giving rise to a duty of restitution" (*Boardman v Kennedy*, 105 AD3d 1375, 1376 [internal quotation marks omitted]; *see Matter of Thomas*, 124 AD3d 1235, 1239). We agree with respondent that the statute of limitations began to run for both claims when she repudiated any intention of conveying the real property to petitioner or decedent's estate in February 2006 (*see Zane v Minion*, 63 AD3d 1151, 1153-1154; *Dombek v Reiman*, 298 AD2d 876, 876-877).

We similarly reject petitioner's contention that respondent is equitably estopped from asserting a statute of limitations defense where respondent fraudulently delayed proper distribution of the estate's assets.  Here, petitioner failed to establish that he was "induced by fraud, misrepresentations or deception to refrain from filing a timely action" (*Pecoraro v M & T Bank Corp.*, 11 AD3d 950, 951-952 [internal quotation marks omitted]) and, in any event, the record establishes that petitioner was aware in 2006 of respondent's intentions with respect to the real property.

Petitioner's remaining contentions have been raised for the first time on appeal, and they are therefore not properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985).

Entered:  March 25, 2016                    Frances E. Cafarell
                                            Clerk of the Court