Snipes v Schmidt (2018 NY Slip Op 03809)





Snipes v Schmidt


2018 NY Slip Op 03809


Decided on May 29, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2018

Friedman, J.P., Gische, Tom, Kern, Singh, JJ.


6697 303681/10

[*1]Gwendolyn Snipes, Plaintiff-Appellant,
v
Kevin Schmidt, et al., Defendants-Respondents.


Silbowitz Garafola Silbowitz Schatz & Frederick, LLP, New York (Jill Savedoff of counsel), for appellant.
Dwyer & Taglia, New York (Gary J. Dwyer of counsel), for Kevin Schmidt and Ramakrishna Transportation, Inc., respondents.
Caitlin Robin & Associates, New York (Kevin Volkommer of counsel), for Regency Extended Care Center, Inc., respondent.



Appeal from order, Supreme Court, Bronx County (Doris M. Gonzalez, J.), entered on or about September 29, 2017, which granted defendants Kevin Schmidt and Ramakrishna Transportation, Inc.'s motion to dismiss the complaint on the ground of the unreasonable delay in substitution pursuant to CPLR 1021, unanimously dismissed, without costs, without prejudice to renewal on papers demonstrating the late plaintiff's counsel's authority to act.
The plaintiff in this personal injury action died after discovery was complete, leaving no surviving relatives and a will naming four beneficiaries. Although a petition was filed in Surrogate's Court seeking the appointment of an executor and the issuance of letters testamentary, four years later, no appointment had been made. Defendants moved by order to show cause, on notice to the four persons potentially interested in the estate, to dismiss the complaint on the ground of the delay in seeking substitution. None of the interested persons appeared, and the motion was granted (see Thomas v Benedictine Hosp., 8 AD3d 781 [3rd Dept 2004]).
Although the decedent's former counsel appeared in opposition to the motion, his power to act on the decedent's behalf had terminated upon her death, and he did not state the basis of his or his law firm's authority to act in the matter (see Silvagnoli v Consolidated Edison Empls. Mut. Aid Socy., 112 AD2d 819, 820 [1st Dept 1985]). Counsel indicated in his opposing papers that the firm had been retained in connection with the probate proceedings, but he did not state who had retained the firm and did not purport to appear on behalf of the estate or the interested persons. Accordingly, he has no standing to appeal from the order that dismissed the complaint pursuant to CPLR 1021 (see Thomas v Benedictine Hosp., 8 AD3d at 782).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 29, 2018
CLERK