Snipes v Schmidt (2018 NY Slip Op 07931)





Snipes v Schmidt


2018 NY Slip Op 07931


Decided on November 20, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2018

Friedman, J.P., Gische, Tom, Kern, Singh, JJ.


6697 303681/10

[*1]Gwendolyn Snipes, Plaintiff-Appellant,
v
Kevin Schmidt, et al., Defendants-Respondents.


Silbowitz Garafola Silbowitz Schatz & Frederick, LLP, New York (Howard Schatz of counsel), for appellant.
Dwyer & Taglia, New York (Gary J. Dwyer of counsel), for Kevin Schmidt and Ramakrishna Transportation, Inc., respondents.
Caitlin Robin and Associates, PLLC, New York (Kevin Volkommer of counsel), for Regency Extended Care Center, Inc., respondent.



Appeal from order, Supreme Court, Bronx County (Doris M. Gonzalez, J.), entered on or about September 29, 2017, which granted defendants Kevin Schmidt and Ramakrishna Transportation, Inc.'s motion to dismiss the complaint on the ground of the unreasonable delay in substitution pursuant to CPLR 1021, unanimously dismissed, without prejudice, without costs, for lack of jurisdiction to entertain the appeal.
The plaintiff in this personal injury action died after discovery was complete, leaving no surviving relatives and a will naming four beneficiaries. Although a petition was filed in Surrogate's Court seeking the appointment of an executor and the issuance of letters testamentary, four years later, no appointment had been made. Defendants moved by order to show cause, on notice to the four persons potentially interested in the estate, to dismiss the complaint on the ground of the delay in seeking substitution. None of the interested persons appeared, and the motion was granted.
Although the decedent's counsel appeared in opposition to the motion, his power to act on the decedent's behalf had terminated upon her death, and he did not state the basis of his or his law firm's authority to act in the matter (see Silvagnoli v Consolidated Edison Empls. Mut. Aid Socy., 112 AD2d 819, 820 [1st Dept 1985]). Accordingly, counsel has no standing to appeal from the order that dismissed the complaint pursuant to CPLR 1021 (see Thomas v Benedictine Hosp., 8 AD3d 781, 782 [3d Dept 2004]).
The dismissal of this appeal does not preclude a new motion at Supreme Court to substitute a representative for plaintiff upon Surrogate Court's appointment of a representative for the late plaintiff's estate (see Silvagnoli, 112 AD3d at 821). Such a representative would be permitted to move for vacatur of the dismissal, upon a showing of reasonable excuse for the delay,
merit and no undue prejudice to defendants (see Thomas, 8 AD3d at 782).
The Decision and Order of this Court entered
herein on May 29, 2018 (161 AD3d 670 [1st Dept
2018]) is hereby recalled and vacated (see M-3196 &
M-3559 decided simultaneously herewith).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 20, 2018
DEPUTY CLERK