Wells Fargo Bank, N.A. v Schubnel (2019 NY Slip Op 07462)





Wells Fargo Bank, N.A. v Schubnel


2019 NY Slip Op 07462


Decided on October 17, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 17, 2019

527230

[*1]Wells Fargo Bank, N.A., Appellant,
v
Marion D. Schubnel et al., Defendants, and Sharon A. Harris, Respondent.

Calendar Date: September 4, 2019

Before: Egan Jr., J.P., Clark, Devine, Aarons and Pritzker, JJ.


Hogan Lovells US LLP, New York City (Christian Fletcher of counsel), for appellant.
The Legal Project, Albany (Debra J. Willsey of counsel), for respondent.



Aarons, J.
Appeal from an amended order of the Supreme Court (Melkonian, J.), entered November 27, 2017 in Albany County, which granted defendant Sharon A. Harris' motion to amend her answer, and sua sponte dismissed the complaint.
In 2003, defendant Sharon A. Harris (hereinafter defendant) and defendant Marion D. Schubnel executed a note in favor of plaintiff that was secured by a mortgage on real property located in Albany County. Defendant and Schubnel owned the subject property as joint tenants with rights of survivorship. After defendant and Schubnel failed to make timely payments due under the note, plaintiff, in 2006, commenced a mortgage foreclosure action against them, among others. This 2006 action, however, was ultimately dismissed without prejudice as abandoned.
In February 2016, plaintiff commenced this mortgage foreclosure action against defendant and Schubnel, among others. Defendant served an answer but Schubnel failed to do so. In November 2016, Schubnel died. In July 2017, defendant moved for leave to serve an amended answer and, as relevant here, sought to add a statute of limitations affirmative defense. In an amended order entered November 2017, Supreme Court granted the motion and sua sponte dismissed the complaint as time-barred. Plaintiff appeals.
As an initial matter, we must first address the impact of Schubnel's death upon this Court's jurisdiction to entertain this appeal. The death of a party generally stays an action until a personal representative is substituted for the deceased party (see Thomas v Benedictine Hosp., 8 AD3d 781, 781-782 [2004]). Strict adherence to this rule, however, is unnecessary where a party's demise does not affect the merits of the case (see Matter of Giaquinto v Commissioner of the N.Y. State Dept. of Health, 91 AD3d 1224, 1225 n 1 [2012], lv denied 20 NY3d 861 [2013]; Bova v Vinciguerra, 139 AD2d 797, 799 [1988]).
It is true that defendant, as the surviving joint tenant, obtained Schubnel's interest in the subject property upon Schubnel's death. Notwithstanding this transfer of interest, Schubnel's estate can still be held liable for any deficiency in the event that a sale of the subject property fails to satisfy the debt. Indeed, the complaint specifically requests that such relief be granted should it be necessary (compare DLJ Mtge. Capital Inc. v 44 Brushy Neck, Ltd., 51 AD3d 857, 858-859 [2008]; Countrywide Home Loans, Inc. v Keys, 27 AD3d 247, 247 [2006], lv denied 7 NY3d 702 [2006]). In the absence of a substitution of Schubnel, a discontinuance of the action insofar as asserted against Schubnel or a representation by plaintiff that it would be waiving its right to seek a deficiency judgment against Schubnel, the death of Schubnel affects the merits of the case (see U.S. Bank N.A. v Esses, 132 AD3d 847, 848 [2015]; compare HSBC Bank USA v Ungar Family Realty Corp., 111 AD3d 673, 673-674 [2013]). Because an automatic stay was in effect upon Schubnel's death, Supreme Court was without jurisdiction to consider defendant's motion and, therefore, the November 2017 amended order is a nullity (see Thomas v Benedictine Hosp., 8 AD3d at 782; Anderson v Gilliland, 245 AD2d 654, 655 [1997]). As such, the appeal must be dismissed.
Egan Jr., J.P., Clark, Devine and Pritzker, JJ., concur.
ORDERED that the appeal is dismissed, without costs.