■ CLIFFORD GRANT, Petitioner, v BARBARA BLUM, as Commissioner of Social Services of the State of New York, et al., Respondents.—Proceeding to annul a determination of the State Commissioner of Social Services, rendered after fair hearing, denying medical assistance to petitioner marked off calendar subject to restoration upon the designation of a legal representative for the deceased petitioner. Petitioner brought this proceeding under CPLR article 78 to review a determination of the Commissioner of Social Services denying him medical assistance for the two-month period during which he was an in-patient at New York Hospital. The denial was based upon the ground that disclosure of his father's financial resources, as required by the rules and regulations of the department, was refused. Upon the argument we were informed that petitioner had died. Although his claim for reimbursement has not abated (EPTL 11-3.1), it may not go forward in its present state (CPLR 1015; *Byrd v Johnson,* 67 AD2d 992). Accordingly, and pending the designation of a legal representative, this proceeding must be marked off calendar and held in abeyance. Concur—Kupferman, J. P., Birns, Sandler, Markewich and Bloom, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE CRUZ, Appellant.—Judgment, Supreme Court, New York County, rendered on August 2, 1978, unanimously affirmed. The case is remitted to the Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (subd 5). No opinion. Concur—Ross, J. P., Markewich, Silverman, Bloom and Carro, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT MONTGOMERY, Appellant.—Judgment of resentence, Supreme Court, New York County, rendered on November 2, 1979, unanimously affirmed, and appeal from judgment rendered on March 1, 1978, unanimously dismissed, since by reason of resentence that judgment was vacated and the judgment rendered November 2, 1979 substituted therefor, and it is only from the latter judgment that an appeal lies. No opinion. Concur—Kupferman, J. P., Birns, Sandler, Markewich and Bloom, JJ.

■ CHEMICAL BANK, v NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA. (And a Third-Party Action.)—Renewed motion for leave to appeal to the Court of Appeals granted and the following question certified: "Was the order of the Supreme Court, as affirmed by this Court, properly made?" Concur—Murphy, P. J., Kupferman, Ross, Markewich and Lynch, JJ.

■ HYMAN WILLENSKY et al., v VICTOR BRILL et al.—Motion, insofar as it seeks reargument granted, and, upon reargument, the order of this court entered on May 1, 1980, is amended so as (1) to delete the words "which denied their motion for reargument," and to substitute therefor the words "which granted their motion for reargument but adhered to its prior determination," and (2) to delete the decretal paragraph of said order and to substitute therefor the following: "It is unanimously ordered that the orders so appealed from be and the same hereby are affirmed, without costs and without disbursements." The motion, insofar as it seeks leave to appeal to the Court of Appeals, is denied. Concur—Birns, J. P., Sandler, Ross, Markewich and Silverman, JJ.