■ FRANK CARIDI, SR., Respondent, v SHIRLEY DURST et al., Appellants, et al., Defendants. [644 NYS2d 733]

While the death of a party ordinarily divests the court of jurisdiction to conduct proceedings in the action until a proper substitution has been made pursuant to CPLR 1015 (a) (*see, Silvagnoli v Consolidated Edison Empls. Mut. Aid Socy.*, 112 AD2d 819, 820), we deem the defendant's carrier's active participation in this litigation for more than two years after the death of its insured to constitute a waiver of this impediment inasmuch as there is no showing of prejudice, the deceased defendant having been only a nominal party to the action.

We find no abuse of discretion in the motion court's striking of defendant-appellant's answer for failure to produce a knowledgeable witness since prior orders established this obligation and provided for dismissal if the witness was not produced by a certain date. Finally, inasmuch as defendant did not request a physical examination of plaintiff at the time set by the court in its prior orders, it was not an improvident exercise of discretion to deny defendant's request to strike the note of issue and to conduct this physical examination, as well as further discovery concerning matters which had already been disclosed (*see, Price v Bloomingdale's*, 166 AD2d 151). Concur—Sullivan, J. P., Rosenberger, Rubin, Nardelli and Williams, JJ.