■ HEBREW HOSPITAL HOME, INC., Appellant, v ANTONIA NOVELLO, M.D., as Commissioner of Health of the State of New York, et al., Respondents. [755 NYS2d 838] —Judgment, Supreme Court, Bronx County (Joseph Giamboi, J.), entered December 20, 2001, dismissing plaintiff's complaint for declaratory and injunctive relief pursuant to 42 USC § 1983, and bringing up for review the underlying order, same court and Justice, entered November 2, 2001, granting defendants' motion to dismiss pursuant to CPLR 3211, unanimously affirmed, without costs. Appeal from the order entered November 2, 2001 unanimously dismissed, without costs, as subsumed in the appeal from the ensuing judgment.

The complaint failed to state a cause of action because the named defendants, who are State officials sued in their official capacity for their official conduct in recouping the funds at issue, are not subject to suit under 42 USC § 1983, the relief sought by the plaintiff, i.e., payment of money alleged to have been wrongfully recouped based on the past conduct of defendants, being exclusively retrospective and not directed at remedying any continuing violation of federal law (*see Will v Michigan Dept. of State Police*, 491 US 58 [1989]; *Kentucky v Graham*, 473 US 159, 167 n 14 [1985]). While plaintiff might have sought to recover the funds allegedly wrongfully recouped from it by defendants by means of a proceeding pursuant to CPLR article 78 (*see e.g. New York City Health & Hosps. Corp. v McBarnette*, 84 NY2d 194, 205 [1994]), such a proceeding was already time-barred when the instant action was commenced. Concur—Tom, J.P., Saxe, Rosenberger, Lerner and Marlow, JJ.