■ In the Matter of GABLE TRANSPORT, INC., Appellant, v STATE OF NEW YORK et al., Respondents. [815 NYS2d 299]—

Kane, J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered January 19, 2005 in Albany County, which dismissed petitioner's application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to, inter alia, review a determination of the Department of Transportation denying petitioner's application for a divisible load overweight permit.

In May 1999, petitioner purchased Nicholas Galligan's trucking business. Among the business assets transferred to petitioner were a 1986 Mack truck, the Mack's divisible load overweight permit authorizing operation at a gross weight of 120,000 pounds, and the grandfather rights certificate associated with that truck (see Vehicle and Traffic Law § 385 [15] [f]). A grandfather rights certificate authorizes operation of an older vehicle or its replacement vehicle at a weight greater than otherwise allowed. In November 1999, petitioner applied to the Department of Transportation (hereinafter DOT) to amend an existing divisible load overweight permit for his 1997 Peterbilt truck by transferring it to the 1986 Mack truck. To qualify the Mack as a replacement vehicle, petitioner attached to the ap-

plication the grandfather rights certificate associated with the Peterbilt, not the grandfather rights certificate purchased from Galligan in association with the Mack. DOT granted the application and issued an amended permit and replacement grandfather rights certificate for the Mack.

In December 2003, petitioner submitted an application to DOT for a divisible load overweight permit, seeking to transfer the grandfather rights certificate originally associated with the Mack and purchased from Galligan to a 1986 Peterbilt truck. DOT rejected the application based on its finding that the original certificate was null and void once a replacement certificate was issued for and attached to the Mack in 1999. After a nonmandatory administrative hearing where DOT's determination was upheld, petitioner commenced this combined action and proceeding. Supreme Court dismissed the petition in the CPLR article 78 proceeding, the complaint seeking declaratory relief and petitioner's claim under 42 USC § 1983. Petitioner appeals.

Giving appropriate deference to DOT's interpretation of its regulations and the authorizing statute, we affirm. In order to conform with federal statutes restricting the weight of vehicles traveling on the nation's highways, the Legislature enacted a statute regarding load overweight permits. That statute states that DOT "may issue an annual permit for a vehicle" that exceeded a certain maximum load weight limit prior to the statute's enactment (Vehicle and Traffic Law § 385 [15] [f]), thus allowing overweight vehicles on the road at that time, or qualifying replacement vehicles, to continue operating. DOT then crafted implementing regulations which were authorized by, and consistent with, that legislative grant of authority (see 17 NYCRR subpart 154-2). As part of the regulatory scheme, DOT created grandfather rights certificates, a method of proving that an overweight vehicle was in operation prior to the legislative enactment or is a qualified replacement vehicle. "A certificate of grandfather rights may be obtained in connection with a divisible load overweight permit from [DOT] for each [vehicle]" meeting the prior-operation or replacement vehicle requirements (17 NYCRR 154-2.16 [a] [1]; [b] [1]).

We will not disturb DOT's rational interpretation of the authorizing statute and its regulations in 17 NYCRR subpart 154-2 as mandating that each vehicle may only have one set of grandfather rights at any given time. DOT based its interpretation on the permissive statutory language that DOT "may" issue permits, and the language that a permit is issued "for a vehicle" (Vehicle and Traffic Law § 385 [15] [f]). As noted above,

one regulation specifically provides that "[a] certificate"—meaning only one—may be issued for each vehicle (17 NYCRR 154-2.16 [a] [1]; [b] [1] [emphasis added]). DOT's interpretation was further based on regulatory language implying that grandfather rights exist in connection with a particular vehicle, as evidenced by its banked weight capacity, and providing methods for banking excess weight when a truck owner surrenders a grandfather rights certificate (*see e.g.* 17 NYCRR 154-2.16 [b] [2]; 154-2.18).* Because DOT's interpretation does not conflict with the plain language of the statute or regulations, and is neither arbitrary nor capricious, it should not be disturbed (*see Matter of Elcor Health Servs. v Novello,* 100 NY2d 273, 280 [2003]). "[T]hat the regulation[s] could be interpreted in another way, does not make the interpretation irrational" (*id.* at 280; *see Matter of Rogers v Novello,* 26 AD3d 580, 581 [2006]). Accepting DOT's interpretation of its regulations, a rational basis supports its determination denying petitioner's application for a permit based on a second grandfather rights certificate associated with a truck that had two such certificates simultaneously (*see Matter of Plante v New York State Dept. of Envtl. Conservation,* 277 AD2d 639, 641 [2000]).

Although a grandfather rights certificate represents a property interest, it does not create a property interest separate and apart from the vehicle to which it is attached. We reject petitioner's claim that DOT, by allegedly voiding a grandfather rights certificate, improperly deprived petitioner of a property right without due process. No government taking occurred here, as DOT did not void or revoke any certificate. DOT merely informed petitioner that only one certificate can exist for a single vehicle at any one time, so that petitioner nullified one certificate through its attempt to simultaneously link two certificates to the same truck. When petitioner amended the certificate associated with its 1997 Peterbilt to attach it to the 1986 Mack, petitioner thereby invalidated the certificate it obtained from Galligan that was originally associated with the 1986 Mack. DOT notified petitioner of its determination and granted an opportunity to be heard, providing petitioner procedural due process (*see Matter of Novara v Cantor Fitzgerald, LP,* 20 AD3d 103, 108 [2005], *lv denied* 5 NY3d 710 [2005]). Thus, the petition was properly dismissed.

Supreme Court properly dismissed petitioner's causes of action seeking declaratory relief pursuant to CPLR 3001 and damages under 42 USC § 1983. A trial court may decline to entertain

---

* Petitioner acknowledges that it never banked any excess weight, nor did it officially surrender any certificate.

an action for declaratory judgment where other adequate remedies are available, such as a CPLR article 78 proceeding to challenge an administrative determination (*see Greystone Mgt. Corp. v Conciliation & Appeals Bd. of City of N.Y.*, 62 NY2d 763, 765 [1984]; *Clarity Connect, Inc. v AT&T Corp.*, 15 AD3d 767, 767 [2005]). The CPLR article 78 portion of this proceeding rendered the declaratory portion duplicative and unnecessary (*cf. Clarity Connect, Inc. v AT&T Corp., supra*). Petitioner brought the action against respondent State of New York and two state officials acting in their official capacity, none of which are "persons" subject to suit under 42 USC § 1983 (*see Will v Michigan Dept. of State Police*, 491 US 58, 71 [1989]). Thus, dismissal of the entire complaint was proper.

Crew III, J.P., Peters, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.