■ In the Matter of DOMINICK GIAQUINTO, Respondent, v COMMISSIONER OF NEW YORK STATE DEPARTMENT OF HEALTH, Appellant, et al., Respondent. [833 NYS2d 301]—

Kane, J. Appeal from a judgment of the Supreme Court (Ferradino, J.), entered April 28, 2006 in Albany County, which, in a proceeding pursuant to CPLR article 78, inter alia, awarded petitioner counsel fees.

Petitioner resides in an adult care facility, while his wife lives in their marital residence. When petitioner applied for Medicaid eligibility, respondent Commissioner of Social Services of Montgomery County denied the application because petitioner and his wife had household income and resources exceeding the permissible limits. As a result of a hearing requested by petitioner (*see* 42 USC § 1396r-5 [e] [2]; Social Services Law § 366-c [8] [a]), respondent Commissioner of Health (hereinafter respondent) affirmed the denial of medical assistance, finding that petitioner and his wife had excess resources but his

wife's income was below the minimum maintenance needs threshold. Respondent directed the Montgomery County Department of Social Services (hereinafter DSS) to determine how much of petitioner's excess resources would be needed to allow his wife to purchase a single-premium immediate life annuity which would generate sufficient funds to raise her income to the threshold amount. DSS was also directed to redetermine petitioner's eligibility for medical assistance after his wife purged their excess resources above the allowance.

Petitioner commenced this CPLR article 78 proceeding* alleging that respondent's determination was arbitrary, capricious and in violation of state and federal Medicaid laws. The petition sought a judgment annulling respondent's determination, directing respondents to find petitioner eligible for medical assistance retroactive to the date in his original application, determining that petitioner's wife could retain all of her resources as of the date in the application and an award of counsel fees under 42 USC §§ 1983 and 1988. Supreme Court determined that respondent had no authority to utilize the single-premium annuity method to calculate income or resource allowances or to direct applicants to pursue any particular type of investment. Finding respondent's decision arbitrary and capricious, the court granted the petition and awarded petitioner counsel fees. Respondent appeals only the award of counsel fees.

Under 42 USC § 1988 (b), courts may award reasonable counsel fees to parties who prevail in an action or proceeding to enforce their rights under certain federal laws, including 42 USC § 1983. Where relief is sought on both state and federal grounds but relief is granted only on state grounds, counsel fees may still be awarded under 42 USC § 1988 if the federal claim is substantial and arises out of a common nucleus of operative fact as the state claim (see Matter of Thomasel v Perales, 78 NY2d 561, 568 [1991]; Matter of Johnson v Blum, 58 NY2d 454, 458 n 2 [1983], citing Mine Workers v Gibbs, 383 US 715, 725 [1966]). As petitioner was the prevailing party in a case where he raised interrelated claims based on violations of his rights under both state and federal statutes addressing Medicaid (see 42 USC § 1396r-5; Social Services Law § 366-c; see also Matter of Nazareth Home of the Franciscan Sisters v Novello, 7 NY3d 538, 542 [2006]), Supreme Court had the discretion to award him counsel fees if he had a valid claim under 42 USC § 1983.

A citizen may prosecute a claim under 42 USC § 1983 against

* Although the Commissioner of Social Services of Montgomery County was also named as a respondent, he did not oppose the petition in Supreme Court and has not appeared on this appeal.

a person who, under color of state law, causes a deprivation of the citizen's rights, privileges or immunities secured by the Constitution or federal laws. Due to sovereign immunity under the Eleventh Amendment, the state itself is not considered a "person" subject to suit under 42 USC § 1983; neither are state officers or employees acting in their official capacities, as they are considered mere agents of the state (see *Will v Michigan Dept. of State Police*, 491 US 58, 71 [1989]; *Kentucky v Graham*, 473 US 159, 165-167 [1985]; see also *Matter of Gable Transp., Inc. v State of New York*, 29 AD3d 1125, 1128 [2006]). An exception to this rule exists for state officers sued in their official capacities where the petition or complaint seeks injunctive or prospective relief to prevent a continuing violation of the law (see *Will v Michigan Dept. of State Police, supra* at 71 n 10, citing *Kentucky v Graham, supra* at 167 n 14; *Huminski v Corsones*, 396 F3d 53, 72 [2005]; *Morningside Supermarket Corp. v New York State Dept. of Health*, 432 F Supp 2d 334, 339 [SD NY 2006]; *Matter of Gaines v New York State Div. for Youth*, 213 AD2d 894, 897 [1995], lv denied 86 NY2d 708 [1995]).

Here, petitioner sued respondent in her official capacity, as the commissioner of a state agency. Whether respondent personally made, ratified or approved of the policies and decisions at issue here is irrelevant to the capacity in which she is being sued; her personal involvement in these matters was part of her official duties (see *Kentucky v Graham, supra* at 167 n 14). Petitioner asserts that he sought prospective relief because he requested that Supreme Court direct respondents to approve his medical assistance application and increase his wife's resource allowance, thus entitling him to medical benefits in the future. His petition actually requested that respondent's decision be annulled as arbitrary and capricious, resulting in approval of his application for benefits as of the date listed in the application, along with a redetermination of his wife's resource allowance as of that same date. Thus, the relief sought by petitioner was retrospective, remedying a prior erroneous decision, even though a grant of such relief would result in his eligibility for and receipt of benefits in the future. Because petitioner sought only retrospective relief against a state officer acting in her official capacity, he failed to prevail against respondent on a claim under 42 USC § 1983, and is therefore not entitled to an award of counsel fees against respondent under 42 USC § 1988 (compare *Hebrew Hosp. Home v Novello*, 303 AD2d 255, 255 [2003] [affirming dismissal of 42 USC § 1983 claim because payment of money allegedly wrongfully recouped constituted retrospective relief]; *Matter of Gaines v New York State Div. for Youth, supra* at 897 [request for back pay sought retrospective relief]).

Mercure, J.P., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as granted petitioner's request for counsel fees against respondent Commissioner of Health; counsel fees denied; and, as so modified, affirmed.