■ In the Matter of TIMOTHY J. SMERALDO, Petitioner, v REXFORD H. RATER, Individually and as Chief of Police of Jamestown Police Department, et al., Respondents. [864 NYS2d 596]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Chautauqua County [Timothy J. Walker, A.J.], entered March 3, 2008) to review a determination of respondent Rexford H. Rater, Chief of Police of Jamestown Police Department. The determination terminated petitioner's employment with the Jamestown Police Department.

It is hereby ordered that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78

proceeding challenging the penalty of termination of his employment with the Jamestown Police Department (Department) for, inter alia, conduct that was disrespectful of a superior officer. According to petitioner, the penalty of termination is so disproportionate to the offense as to be shocking to one's sense of fairness and the hearing officer improperly relied upon facts that were not in evidence. We note at the outset that petitioner does not raise a substantial evidence issue, and Supreme Court therefore erred in transferring the proceeding to this Court (*see Matter of Panek v Bennett,* 38 AD3d 1251, 1252 [2007]). Nevertheless, in the interest of judicial economy, we address the merits of the issues raised by petitioner (*see id.*).

We reject petitioner's contention with respect to the penalty imposed. It is well established that an administrative penalty must be upheld "unless it is 'so disproportionate to the offense as to be shocking to one's sense of fairness,' thus constituting an abuse of discretion as a matter of law" (*Matter of Kelly v Safir,* 96 NY2d 32, 38 [2001], *rearg denied* 96 NY2d 854 [2001]), and that cannot be said here. " 'A police force is a quasi-military organization demanding strict discipline' " (*Panek,* 38 AD3d at 1252), and " 'great leeway' must be accorded to . . . determinations concerning the appropriate punishment, for it is the [Chief of Police] . . . who 'is accountable to the public for the integrity of the Department' " (*Kelly,* 96 NY2d at 38, quoting *Matter of Berenhaus v Ward,* 70 NY2d 436, 445 [1987]; *see also Matter of O'Connor v Frank,* 38 NY2d 963, 964 [1976]). The hearing officer found, inter alia, that petitioner made a remark in front of several other officers that was disrespectful of a superior officer, and the record establishes that petitioner has a prior disciplinary record, including a 30-day suspension and a demotion in rank that occurred less than one year prior to the present offense. The record further establishes that, in his settlement agreement with the Department for the charge resulting in that suspension and demotion, petitioner expressly stated that "he will endeavor not to violate any other Department policy in the future." The evidence at the hearing also established that petitioner had previously been counseled on the issue of making inappropriate comments, including comments that demonstrated insubordination.

The record does not support petitioner's further contention that the hearing officer improperly relied upon facts not in evidence. Contrary to petitioner's contention, the settlement agreement was received in evidence at the hearing, and the hearing officer also properly considered the failure of petitioner to be forthcoming in his testimony at the hearing. Present—Scudder, P.J., Centra, Fahey, Peradotto and Green, JJ.