# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

140

CA 09-02075

PRESENT: SCUDDER, P.J., FAHEY, PERADOTTO, LINDLEY, AND MARTOCHE, JJ.

---

IN THE MATTER OF ROBERT SILLS AND AUDREY
ELAINE SILLS, AS CO-EXECUTORS OF THE ESTATE
OF ANGELINE V. SILLS, DECEASED,
PETITIONERS-APPELLANTS,

V                                          MEMORANDUM AND ORDER

FLEET NATIONAL BANK, JOAN ROYSTON AND
KIRK RICHARDSON, RESPONDENTS-RESPONDENTS.
-----------------------------------------------
AUDREY PATRONE PEARTREE, GUARDIAN AD LITEM,
RESPONDENT.
-----------------------------------------------
ROBERT SILLS AND AUDREY ELAINE SILLS, AS
CO-EXECUTORS OF THE ESTATE OF ANGELINE V.
SILLS, DECEASED, PLAINTIFFS-APPELLANTS,

V

FLEET BANK AND JOAN ROYSTON,
DEFENDANTS-RESPONDENTS.
-----------------------------------------------
AUDREY PATRONE PEARTREE, GUARDIAN AD LITEM,
RESPONDENT.
-----------------------------------------------
ROBERT SILLS AND AUDREY ELAINE SILLS, AS
CO-EXECUTORS OF THE ESTATE OF ANGELINE V.
SILLS, DECEASED, PLAINTIFFS-APPELLANTS,

V

JOAN ROYSTON, DEFENDANT-RESPONDENT.
-----------------------------------------------
AUDREY PATRONE PEARTREE, GUARDIAN AD LITEM,
RESPONDENT.
(APPEAL NO. 1.)

---

GATES & ADAMS, P.C., ROCHESTER (MICHAEL STEINBERG OF COUNSEL), FOR
PETITIONERS-APPELLANTS AND PLAINTIFFS-APPELLANTS.

MCDONOUGH & ARTZ, P.C., BINGHAMTON (PHILIP J. ARTZ OF COUNSEL), FOR
RESPONDENT-RESPONDENT AND DEFENDANT-RESPONDENT JOAN ROYSTON.

THE WOLFORD LAW FIRM LLP, ROCHESTER (ELIZABETH A. WOLFORD OF COUNSEL),
FOR RESPONDENT.

UNDERBERG & KESSLER LLP, ROCHESTER (PAUL V. NUNES OF COUNSEL), FOR RESPONDENT-RESPONDENT FLEET NATIONAL BANK AND DEFENDANT-RESPONDENT FLEET BANK.

-----------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Steuben County (Peter C. Bradstreet, A.J.), entered February 13, 2009. The order denied petitioners' demand for the return of an escrow account of $173,804.33 plus accrued interest held by respondent Fleet National Bank and awarded guardian ad litem fees to respondent guardian ad litem.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating the award of guardian ad litem fees to respondent guardian ad litem and as modified the order is affirmed without costs and the matter is remitted to Supreme Court, Steuben County, for further proceedings in accordance with the following Memorandum: Addressing first the orders in appeal Nos. 1, and 3 through 5, petitioners contend that Supreme Court erred in granting the fee awards, including attorney's fees and costs incurred on appeal, to respondent guardian ad litem (hereafter, respondent), who served in that capacity for petitioners' decedent prior to her death. We agree with petitioners that the order in appeal No. 1 must be modified by vacating the award of guardian ad litem fees and that the orders in appeal Nos. 3 through 5 that, inter alia, awarded respondent attorney's fees must be vacated. Decedent had died before those orders were issued, and it is undisputed that a duly appointed personal representative had not been substituted as a party for decedent when those orders were entered. We therefore modify the order in appeal No. 1 accordingly, and we vacate the orders in appeal Nos. 3 through 5. We further note that the appeal from the order in appeal No. 2 must be dismissed because it necessarily was superseded by the order in appeal No. 3.

With respect to that part of the order in appeal No. 1 awarding respondent guardian ad litem fees, and the orders in appeal Nos. 3 through 5 that, inter alia, awarded respondent attorney's fees incurred on appeal, "[i]t is well settled that the death of a party divests a court of jurisdiction to conduct proceedings in an action until a proper substitution has been made pursuant to CPLR 1015 (a) . . ., and any order rendered after the death of a party and before the substitution of a legal representative is void" (*Griffin v Manning*, 36 AD3d 530, 532). Only "under 'special circumstances,' such as where there has been active participation in the litigation by the personal representative who would have been substituted for the decedent" is the rule waived (*id.*), and that was not the case here. We reject the contention of respondent that petitioners waived any jurisdictional objection by actively participating in the fee applications (*cf. Fitzpatrick v Palazzo*, 46 AD3d 1414). Indeed, the record establishes that, six days after decedent died, petitioners' attorney sent a letter to the court stating, inter alia, that decedent's death divested the court of jurisdiction to rule upon respondent's initial fee application, which was filed approximately one month before decedent died. The only other action taken by petitioners was the participation of their attorney in a conference with the court

regarding the first fee application.  Following the conference, the court granted that application, and the court also granted respondent's second fee application, filed in April 2006.  We conclude that the limited actions undertaken by petitioners' counsel did not rise to the level of active participation required to warrant the conclusion that petitioners waived the jurisdictional objection, as contended by respondent.

We note that, although Surrogate's Court had issued an order granting temporary letters of administration to petitioner Audrey Elaine Sills, such order conferred upon her only the power to appear in this Court with respect to an appeal that had been filed by petitioners in a related action.  The order expressly provided that "said Letters shall not confer upon said fiduciary any other power or authority including the authority to collect assets or commence new litigation on behalf of the estate, without prior permission of the Court . . . ."  Thus, it cannot be said that the order authorized Audrey Sills to act as a representative of the estate with respect to any of respondent's fee applications, and there is no evidence in the record before us to support respondent's contention that the parties and the court interpreted and treated the order as having granted Audrey Sills such authority.

We conclude with respect to the orders in appeal Nos. 3 through 5 that respondent is not entitled to legal fees or other compensation for costs incurred in defending the fee awards on appeal.  A guardian ad litem is entitled to compensation for the time and effort expended in meeting opposition to a fee award only to the extent that the opposition is unreasonable (*see Matter of Infant X. v Children's Hosp. of Buffalo*, 197 AD2d 884, 885).  Given our conclusion that the court lacked jurisdiction to entertain the fee applications, it cannot be said that petitioners' opposition to those applications was unreasonable.  We thus conclude that the fees awarded to respondent must be vacated, and the matter remitted for a hearing at which petitioners may challenge respondent's fee applications.

Finally, with respect to petitioners' claims against Fleet National Bank (Fleet), we reject the contention of petitioners that the funds currently held in escrow should be returned to the estate. Rather, as the court noted in the order in appeal No. 1, such funds shall continue to be held in escrow pending the resolution of Fleet's application for attorney's fees.

Entered:  February 18, 2011                    Patricia L. Morgan
                                               Clerk of the Court