# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1433**
**TP 11-01255**
PRESENT: SCUDDER, P.J., CENTRA, GREEN, GORSKI, AND MARTOCHE, JJ.

---

IN THE MATTER OF KEVIN W. FOSTER, PETITIONER,

V                                        MEMORANDUM AND ORDER

AURELIUS FIRE DISTRICT, RESPONDENT.

---

LAW OFFICE OF NORMAN J. CHIRCO, AUBURN (NORMAN J. CHIRCO OF COUNSEL), AND SCICCHITANO & PINSKY, PLLC, SYRACUSE, FOR PETITIONER.

THE LAW OFFICES OF MARK C. BUTLER, PLLC, WILLIAMSVILLE (MARK C. BUTLER OF COUNSEL), FOR RESPONDENT.

---

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Cayuga County [Thomas G. Leone, A.J.], entered June 7, 2011) to review a determination of respondent.  The determination suspended petitioner from respondent.

It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum:  Petitioner commenced this CPLR article 78 proceeding challenging the determination finding him guilty of misconduct based upon actions constituting insubordination and failure to follow the chain of command, and imposing a penalty.  We note at the outset that petitioner does not raise a substantial evidence issue, and thus Supreme Court erred in transferring the proceeding to this Court (*see Matter of Smeraldo v Rater*, 55 AD3d 1298, 1299).  In the interest of judicial economy, however, we will address the merits of the issues raised by petitioner (*see id.*).

We reject petitioner's contention that the charge against him should have been dismissed because it failed to specify any rule, regulation, policy or bylaw that he violated.  Petitioner conceded at the administrative hearing that he was aware of respondent's policies with respect to the chain of command, and the record establishes that he deliberately circumvented that chain of command to undermine the authority of his superior officer.  Thus, "given the facts of this case, petitioner's assertion that a specific act or misdeed must be embodied in a formal rule or regulation before it may serve as a basis for disciplinary action is unavailing" (*Matter of Murphy v County of Ulster*, 218 AD2d 832, 833, *lv denied* 87 NY2d 804).

We reject petitioner's further contention that the penalty

imposed, which includes suspension followed by a probationary period, is " 'so disproportionate to the offense as to be shocking to one's sense of fairness' " (*Matter of Kelly v Safir*, 96 NY2d 32, 38, *rearg denied* 96 NY2d 854).

Entered:  December 23, 2011                    Frances E. Cafarell
                                               Clerk of the Court