██ In the Matter of DOMINICK GIAQUINTO, Respondent-Appellant, v COMMISSIONER OF THE NEW YORK STATE DEPARTMENT OF HEALTH, Appellant-Respondent, et al., Respondent. [939 NYS2d 578]—

Mercure, A.P.J.

This marks the second occasion that the present case has been before us (*Matter of Giaquinto v Commissioner of N.Y. State Dept. of Health*, 39 AD3d 922 [2007], *revd* 11 NY3d 179 [2008]). Briefly stated, petitioner was a resident of a nursing home. After his application for Medicaid benefits was denied on

the ground that he and his wife had excessive income and resources, he requested a fair hearing. Respondent Commissioner of Health (hereinafter respondent) affirmed the denial, but found that the wife's allotment of marital assets beyond Medicaid's reach must be increased. Respondent remanded the application to the Montgomery County Department of Social Services to determine how much of petitioner's excess resources would be necessary to allow the wife to purchase a single premium immediate life annuity, and directed that petitioner's application be reexamined after any additional excess resources were purged (see 42 USC § 1396r-5 [d], [e] [2] [C]; Social Services Law § 366-c [8]).

Petitioner then commenced this CPLR article 78 proceeding to challenge respondent's determination and obtain an award of counsel fees. Supreme Court granted the petition and awarded counsel fees, finding that respondent had departed without explanation from prior precedent ruling that a community spouse could not be directed to purchase an annuity (see Matter of Charles A. Field Delivery Serv. [Roberts], 66 NY2d 516, 520 [1985]). Respondent appealed, arguing solely that petitioner was not entitled to the counsel fees awarded by Supreme Court pursuant to 42 USC §§ 1983 and 1988. The Court of Appeals ultimately concluded that counsel fees could be awarded only if petitioner had succeeded on his federal statutory claim (11 NY3d 179, 190-192 [2008]). Because Supreme Court had resolved the matter on state law grounds without explicitly addressing petitioner's federal claim, the Court of Appeals remitted for a determination of the federal claim "for the purpose of awarding attorney fees" (id. at 191 [internal quotation marks and citation omitted]). Upon remittal, Supreme Court found the claim to have merit and, in a separate judgment, awarded over $100,000 in counsel fees and costs to petitioner. Respondent appeals from both judgments, while petitioner cross-appeals only from the judgment specifying the amount of the fee award.[1]

---

1. Petitioner died shortly after the Court of Appeals remitted this matter, and prior to the issuance of the judgments on appeal. Ordinarily the death of a party results in a stay of the proceedings and, absent substitution of a proper legal representative (see CPLR 1015, 1021), Supreme Court's judgments would be void, leaving this Court without jurisdiction to hear this appeal (see Thomas v Benedictine Hosp., 8 AD3d 781, 782 [2004]; Anderson v Gilliland, 245 AD2d 654, 655 [1997]). Where, however, "a party's death 'does not affect the merits of a case . . . , there is no need for strict adherence to the requirement that the proceedings be stayed pending substitution' " (Gushlaw v Roll, 290 AD2d 667, 669 [2002], quoting Bova v Vinciguerra, 139 AD2d 797, 799 [1988]). We note that "[u]nlike other judicial relief, the attorney's fees allowed under [42 USC] § 1988 are . . . uniquely separable from the

Initially, we reject petitioner's contention that our review of the issue raised on this appeal is barred by the law of the case doctrine. Neither this Court nor the Court of Appeals has addressed the issue of whether respondent's determination violated federal law. Indeed, due to Supreme Court's failure to explicitly address the issue, the Court of Appeals remitted the matter for a determination regarding whether "respondent's calculation of [petitioner's] wife's 'community spouse resource allowance' (CSRA) violated a provision of the federal Medicaid Act" (11 NY3d at 183). While Supreme Court has now expressly ruled that such a violation had occurred, the merits of that claim were not resolved upon the initial appeal, and we are not precluded by the law of the case doctrine from addressing them now (*see People v Evans*, 94 NY2d 499, 503 n 3 [2000]; *Grullon v City of New York*, 297 AD2d 261, 265 [2002]).[2]

Turning to the merits, respondent argues that the use of the "annuity method" to increase the community spouse resource allowance for petitioner's wife was permitted under federal law. Medicaid "pays for medical care for those unable to afford it, including nursing home care for medically needy older people who become eligible by incurring medical expenses that reduce their monthly income and assets below prescribed levels" (*Matter of Tomeck*, 8 NY3d 724, 728 [2007]). Although an applicant residing in a nursing home must "spend down" income and resources to the point where he or she is financially eligible for benefits, Congress also adopted provisions "designed to [e]nsure that the community spouse"—i.e., the spouse who continues to reside in the community—"retains necessary, but not excessive, income and assets, which do not need to be depleted" (*id.*; *see Wisconsin Dept. of Health & Family Servs. v Blumer*, 534 US 473, 480 [2002]; *Matter of Balzarini v Suffolk County Dept. of Social Servs.*, 16 NY3d 135, 141 [2011]). Under those provisions, petitioner's wife was entitled to a minimum monthly

cause of action to be proved at trial" (*White v New Hampshire Dept. of Employment Security*, 455 US 445, 452 [1982]). In light of respondent's continued active litigation of this proceeding following petitioner's death and the limited scope of the remittal by the Court of Appeals—which left intact the resolution of the merits on state law grounds and rendered petitioner merely "a nominal party" with respect to the remaining, separable issue—we conclude that any argument that this appeal is not properly before us has been waived (*Caridi v Durst*, 228 AD2d 396, 397 [1996]; *see Bauernfeind v Albany Med. Ctr. Hosp.*, 154 AD2d 754, 755 n 1 [1989]; *cf. Matter of Sills v Fleet Natl. Bank*, 81 AD3d 1422, 1423-1424 [2011]; *Griffin v Manning*, 36 AD3d 530, 531 [2007]).

2. Inasmuch as petitioner asserts only that his federal law claim was previously resolved in *this* proceeding, neither res judicata nor collateral estoppel—which bar relitigation of issues and claims decided in *prior actions or proceedings*—are applicable here (*see People v Evans*, 94 NY2d at 502).

maintenance needs allowance, "an amount deemed sufficient for [her] to live at a modest level after [petitioner became] eligible for Medicaid" (*Matter of Tomeck*, 8 NY3d at 728; *see* 42 USC § 1396r-5 [d] [3]; Social Services Law § 366-c [2] [h]). Similarly, she was entitled to retain a portion of the couple's jointly and separately owned assets, known as the community spouse resource allowance (*see* 42 USC § 1396r-5 [f] [2]; Social Services Law § 366-c [2] [d]; *Matter of Tomeck*, 8 NY3d at 729; *Matter of Golf v New York State Dept. of Social Servs.*, 91 NY2d 656, 659-660 [1998]). Inasmuch as the wife's monthly income fell below the minimum monthly maintenance needs allowance, respondent was obliged to increase the community spouse resource allowance to an "amount adequate to provide such a minimum monthly maintenance needs allowance" (42 USC § 1396r-5 [e] [2] [C]; *see* Social Services Law § 366-c [8] [c]).

Petitioner challenged respondent's use of the "annuity method" to determine the amount of that increase as violating 42 USC § 1396r-5 (e) (2) (C). The statute, however, "does not set out an 'arithmetical formula' for" determining an adequate figure (*Johnson v Lodge*, 673 F Supp 2d 613, 617 [MD Tenn 2009]; *see Harris v Department of Human Servs.*, 345 Ill App 3d 764, 767, 803 NE2d 1063, 1066 [2004]). Indeed, the statute's open-ended language does not dictate any particular methodology, and the states employ a variety of methods (*see Wisconsin Dept. of Health & Family Servs. v Blumer*, 534 US at 495; *Matter of Golf v New York State Dept. of Social Servs.*, 91 NY2d at 667-669; Frolik & Brown, Advising the Elderly or Disabled Client ¶ 14.03 [2] [c] [ii] [2d ed]). A number of states have elected to apply the annuity method, and that choice has been upheld (*see e.g. Johnson v Lodge*, 673 F Supp 2d at 617-621; *Ford v Iowa Dept. of Human Servs.*, 500 NW2d 26, 30-32 [Iowa 1993]; *Matter of Lynch v Commissioner of N.Y. State Dept. of Health*, 18 Misc 3d 1113[A], 2008 NY Slip Op 50015[U], *4-6 [2008]).[3]

In short, nothing in federal law prevented respondent from relying upon the annuity method. Inasmuch as petitioner's federal claim thus fails, he is not a prevailing party entitled to counsel fees under 42 USC §§ 1983 and 1988 (*see* 11 NY3d at 190-192; *Matter of Dvelis v New York State Dept. of Social Servs.*, 146 AD2d 875, 878 [1989], *lv denied* 74 NY2d 608 [1989]).

---

**3.** Both *Johnson* and *Lynch* rely upon guidance prepared by the Centers for Medicare and Medicaid Services noting that states were entitled to use "any reasonable method for determining the amount of resources necessary to generate adequate income" under 42 USC § 1396r-5 (e) (2) (C), including the annuity method. While this guidance postdates the determination at issue here, it addressed amendments to 42 USC § 1396r-5 that did not alter section 1396r-5 (e) (2) (C) (*see* Deficit Reduction Act of 2005, Pub L 109-171, tit VI, § 6013 [a], 120 Stat 4, adding 42 USC § 1396r-5 [d] [6]).

Petitioner's challenges to the amount of the fee award are rendered academic in light of the foregoing.

Lahtinen, Spain, Malone Jr. and Kavanagh, JJ., concur. Ordered that the judgment entered November 8, 2010 is modified, on the law, without costs, by reversing so much thereof as granted that part of the petition alleging a violation of 42 USC §§ 1983 and 1988; petition dismissed to that extent; and, as so modified, affirmed. Ordered that the judgment entered March 25, 2011 is reversed, on the law, without costs, and application denied.