# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**218**
**TP 11-01912**
PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, AND MARTOCHE, JJ.

---

IN THE MATTER OF CHRISTOPHER CAPPON, PETITIONER,

                V                              MEMORANDUM AND ORDER

CARLOS CARBALLADA, IN HIS OFFICIAL CAPACITY AS
COMMISSIONER OF NEIGHBORHOOD AND BUSINESS
DEVELOPMENT OF CITY OF ROCHESTER AND CITY OF
ROCHESTER, RESPONDENTS.

---

SANTIAGO BURGER ANNECHINO LLP, ROCHESTER (MICHAEL A. BURGER OF
COUNSEL), FOR PETITIONER.

---

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Monroe County [John J. Ark, J.], entered September 12, 2011) to review a determination of respondents. The determination convicted petitioner of violating the Municipal Code of the City of Rochester.

It is hereby ORDERED that the order is unanimously vacated without costs and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following Memorandum: We agree with petitioner that Supreme Court erred in transferring this CPLR article 78 proceeding to this Court pursuant to CPLR 7804 (g) because, contrary to the court's determination, the petition does not raise a substantial evidence issue (*see id.*; *Matter of Burns v Carballada*, 79 AD3d 1785), and under the circumstances we decline to review the merits of the petition in the interest of judicial economy (*see Burns,* 79 AD3d 1785; *cf. Matter of Foster v Aurelius Fire Dist.*, 90 AD3d 1585). In his petition, petitioner sought to annul the determination that he violated the Municipal Code of respondent City of Rochester (Code) on the grounds that his conviction under the Code "violates his rights under the Fourth Amendment of the United States Constitution and Article 1 section 12 of the New York Constitution; . . . unlawfully deprives [him] of the beneficial enjoyment of his property and the right to derive income therefrom; and . . . is therefore in violation of lawful procedure, affected by an error of law and arbitrary and capricious." Furthermore, in his brief to this Court, petitioner stated that the petition does not raise a substantial evidence issue. We thus conclude that, under these circumstances, the proceeding should not have been transferred to this Court.

Entered: March 16, 2012                         Frances E. Cafarell
                                            Clerk of the Court