11-4902-cv
*Smeraldo v. City of Jamestown, et al.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Street, in the City of New York, on the 21st day of February, two thousand thirteen.

PRESENT:

JOHN M. WALKER, JR.,
JOSÉ A. CABRANES,
RICHARD C. WESLEY,

    *Circuit Judges.*

---

TIMOTHY J. SMERALDO,

    *Plaintiff-Appellant,*

  v.              No. 11-4902-cv

CITY OF JAMESTOWN, REXFORD H. RATER,
BARRY L. SWANSON, LEE C. DAVIES, ROBERT
SAMUELSON,

    *Defendants-Appellees.*

---

**FOR PLAINTIFF-APPELLANT:**   JOHN J. KEENAN, Colucci & Gallaher, P.C., Buffalo, NY.

**FOR DEFENDANTS-APPELLEES:**  MARILYN FIORE-LEHMAN, Corporation Counsel, City of Jamestown, Jamestown, NY.

Appeal from a October 26, 2011 judgment of the United States District Court for the Western District of New York (William M. Skretny, *Chief Judge*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Timothy Smeraldo ("Smeraldo"), appeals from the District Court's grant of summary judgment for defendants-appellees, City of Jamestown and four of its police officers (jointly "defendants"), in an action alleging violations of Smeraldo's rights under the First and Fourteenth Amendments and for breach of contract and tortious interference with governmental processes. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Smeraldo claims that, prior to initiating this lawsuit, he was employed as a police officer with the Jamestown Police Department ("JPD") for nearly ten years. During this period, JPD served Smeraldo with disciplinary charges on May 22, 2006. On June 28, 2006, Smeraldo entered into an agreement with JPD, that included a number of conditions (such as a demotion in rank and a suspension without pay) in satisfaction of these charges.

Following two comments that Smeraldo made in March 2007—one at a funeral home and the other while on duty at a "line-up"—Smeraldo was served with another set of disciplinary charges by JPD on April 6, 2007. These charges were heard in proceedings before a hearing officer, pursuant to § 75 of the New York Civil Service Law, wherein both Smeraldo and JPD were represented by counsel. Following a full hearing, which included the right to present evidence and to cross-examine witnesses, the hearing officer found that JPD had failed to meet its burden of proof with respect to the funeral home comment, but concluded that it had made the requisite showing regarding the "line-up" comment. On this basis, the hearing officer sustained JPD's

2

proposed penalty of termination of Smeraldo's employment. Relying on the conclusion of the hearing officer, JPD fired Smeraldo on November 28, 2007; Smeraldo appealed his termination. On October 3, 2008, the Appellate Division of the New York Supreme Court rejected Smeraldo's arguments on appeal and confirmed the decision to terminate his employment. *Smeraldo v. Rater*, 864 N.Y.S.2d 596 (4th Dep't 2008).

Smeraldo commenced this action on March 12, 2009. On October 26, 2011, the District Court granted summary judgment in favor of defendants. On appeal, Smeraldo argues that the District Court erred in granting summary judgment for defendants. We review an order granting summary judgment *de novo* and "resolv[e] all ambiguities and draw[] all permissible factual inferences in favor of the party against whom summary judgment is sought." *Burg v. Gosselin*, 591 F.3d 95, 97 (2d Cir. 2010) (internal quotation marks omitted); *see also* FED. R. CIV. P. 56.

Smeraldo first argues that defendants' summary judgment motion was improperly based on an attorney affidavit because the attorney lacked personal knowledge of the affidavit's substance. Consequently, Smeraldo claims that the District Court erred in granting defendants' motion for summary judgment. While it is generally true that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge," FED. R. CIV. P. 56(c)(4), the affidavit in the instant case is more akin to an "adversarial memorandum than a *bona fide* affidavit," *Hollander v. Am. Cyanamid Co.*, 172 F.3d 192, 198 (2d Cir. 1999) (internal quotation marks omitted), *abrogated on other grounds by Schnabel v. Abramson*, 232 F.3d 83 (2d Cir. 2000). In such circumstances, "a court may, in considering a motion for summary judgment, simply decline to consider those aspects of a supporting affidavit that do not appear to be based on personal knowledge or are otherwise inadmissible." *Doe v. Nat'l Bd. of Podiatric Med. Exam'rs*, No. 03-CV-4034, 2004 WL 912599, at *4 (S.D.N.Y. Apr. 29, 2004) (collecting cases). This is what the District Court appears to have done

with respect to defendants' motion.[1] The District Court treated the affidavits as attorney argument, relying only upon exhibits attached to them—such as the settlement agreement between the parties and the report of the hearing officer—that it was otherwise entitled to consider on its own motion. *See, e.g.*, *Curry v. City of Syracuse*, 316 F.3d 324, 331 (2d Cir. 2003) (noting that "we have previously upheld a district court's dismissal of a case on collateral estoppel grounds" where it was raised by the district court *sua sponte*); *Doe v. Pfrommer*, 148 F.3d 73, 80 (2d Cir. 1998) ("Although the district court raised the issue of collateral estoppel *sua sponte*, this decision does not require reversal.").

Smeraldo also argues on appeal that the District Court improperly considered new issues raised by defendants for the first time in their reply brief, a decision which is reviewed for an abuse of discretion, *see Bayway Ref. Co. v. Oxygenated Mktg. and Trading A.G.*, 215 F.3d 219, 226 (2d Cir. 2000). Smeraldo claims also that the District Court erred by raising issues *sua sponte* without allowing the parties an opportunity for supplemental briefing. Upon review, we find no abuse of discretion by the District Court in allowing defendants' reply brief nor do we find any error in the District Court's decision not to allow supplemental briefing. The District Court granted summary judgment on two of Smeraldo's claims—the hostile work environment claim and the claim of duress with regard to the contract—based on the doctrine of collateral estoppel, which it was free to raise *sua sponte*, even without permitting an adversely affected party an opportunity to argue the issue. *See Curry*, 316 F.3d at 331 (noting that a district court may dismiss "a case on collateral estoppel grounds even where collateral estoppel was not raised as an affirmative defense in the answer, but was raised by the district court *sua sponte*, without permitting the party against which it was asserted an opportunity to argue the issue"); *Pfrommer*, 148 F.3d at 80. Furthermore, Smeraldo had ample notice that collateral estoppel was one of the potential grounds for summary judgment, as the affidavit

---

[1] Smeraldo also claims that the District Court erred in resolving questions of fact in favor of defendants and applying an incorrect standard to review a motion for summary judgment. Upon review, we find no merit to these claims.

accompanying defendants' motion argued that dismissal was required "based in part on the doctrine of collateral estoppel."

In addition, the District Court considered claims by Smeraldo which were not barred due to collateral estoppel and dismissed them for reasons—such as a lack of factual support for his allegations, failure to state an actionable claim, or reliance on allegations which contravened prior, preclusive findings—which did not rely on new issues raised by defendants nor required supplemental argument.

Finally, Smeraldo argues that the District Court improperly drew inferences and decided questions of fact in defendants' favor. *See Town of Southhold v. Town of E. Hampton*, 477 F.3d 38, 46 (2d Cir. 2007). After reviewing the District Court's conclusions *de novo*, we agree with its reasoning for all of its decisions and find no error, save for its determination that Smeraldo's hostile work environment claim was precluded.

The District Court found Smeraldo's hostile work environment claim precluded because, "[i]n both [Smeraldo's] Complaint and civil hearing, he alleged that Defendants acted in a manner to threaten or intimidate him." Because the hearing officer concluded that "the record does not contain [evidence of] different treatment for a similarly situated employee," the District Court reasoned that this conduct could not form the basis of a hostile work environment claim. However, Smeraldo's evidence of disrespectful treatment at the administrative hearing was offered to demonstrate a culture of disrespectful conduct "to ease tension, pressure, or stress," while the hearing officer's finding of no different treatment was in response to Smeraldo's claim that he had been singled out for punishment. The hearing officer's finding that there was no differential treatment was therefore unrelated to Smeraldo's allegations of threatening conduct, and as a result the hearing officer's conclusion cannot preclude the hostile work environment claim now before us.

5

Furthermore, the events forming the basis of the hostile work environment claim are different from those raised as evidence of disrespectful treatment in the administrative hearing. In the administrative hearing, Smeraldo noted that one co-worker put a decal on his truck that depicted a cartoon character urinating on Smeraldo's badge number and that there was a grease board in the locker room that had disrespectful statements directed toward Smeraldo. Smeraldo claims that certain defendants collaborated in putting a whiteboard, with Smeraldo's badge number on it, in a prominent part of the firing range and firing at it.

A plaintiff presents an actionable claim of a hostile work environment "when the work place is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victims's employment and create an abusive working environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (internal quotation marks omitted). If the conduct complained of is not so severe as to create an environment that a reasonable person would find hostile or abusive, the plaintiff does not have an actionable claim. *Id.* The Supreme Court has cautioned that the alleged unlawful conduct does not have to be so serious as to cause psychological harm, *id.* at 21-22, but rather, the allegations may still give rise to a legitimate claim if they are serious enough to "detract from employees' job performance, discourage employees from remaining on the job, or keep them from advancing in their careers." *Id.* at 22. All of the circumstances must be considered, including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id.* at 22-23.

In neither his complaint nor in his opposition to defendants' motion for summary judgment does Smeraldo allege that the whiteboard incident affected him. Accordingly, we hold that Smeraldo has not stated a claim upon which relief can be granted and affirm the District Court's grant of summary judgment.

**CONCLUSION**

We have considered all of Smeraldo's arguments on appeal and find them to be without merit. Accordingly, we **AFFIRM** the October 26, 2011 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk