■ In the Matter of CARL DRUMM, Petitioner, v NIRAV R. SHAH, Commissioner, New York State Department of Health, et al., Respondents. [968 NYS2d 819]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Livingston County [Robert B. Wiggins, A.J.], entered December 18, 2012) to review a determination of respondent Nirav R. Shah, Commissioner, New York State Department of Health. The determination adjudged that petitioner was not eligible for Medical Assistance for nursing facility services for a period of 11.31 months.

It is hereby ordered that the order so appealed from is unanimously vacated without costs and the matter is remitted to Supreme Court, Livingston County, for further proceedings.

Memorandum: Petitioner's attorney has advised us that petitioner died before Supreme Court transferred this CPLR article 78 proceeding to this Court, and that to date a legal representative for petitioner has not been designated (see CPLR 1015 [a]; 1021). " '[I]t is well settled that the death of a party divests a court of jurisdiction to conduct proceedings in [a proceeding] until a proper substitution has been made pursuant to CPLR 1015 (a) . . . , and any order rendered after the death of a party and before the substitution of a legal representative is void' " (Matter of Sills v Fleet Natl. Bank, 81 AD3d 1422, 1423 [2011]; cf. Matter of Giaquinto v Commissioner of the N.Y. State Dept. of Health, 91 AD3d 1224, 1225 n 1 [2012], lv denied 20 NY3d 861 [2013]; Grant v Blum, 76 AD2d 823, 823 [1980]). Here, because petitioner died before the court transferred this proceeding to us, the transfer order is void, and we thus conclude that under these circumstances the proceeding is not properly before us (see generally Matter of Cappon v Carballada, 93 AD3d 1179, 1180 [2012]). Present—Smith, J.P., Fahey, Carni, Valentino and Whalen, JJ.