# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

707

TP 12-02375

PRESENT: SMITH, J.P., FAHEY, CARNI, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF CARL DRUMM, PETITIONER,

V                                                    MEMORANDUM AND ORDER

NIRAV R. SHAH, COMMISSIONER, NEW YORK STATE
DEPARTMENT OF HEALTH AND DIANE DEANE,
COMMISSIONER, LIVINGSTON COUNTY DEPARTMENT
OF SOCIAL SERVICES, RESPONDENTS.

---

LEVENE GOULDIN & THOMPSON, LLP, BINGHAMTON (GREG S. CATARELLA OF
COUNSEL), FOR PETITIONER.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (KATHLEEN M. TREASURE
OF COUNSEL), FOR RESPONDENT NIRAV R. SHAH, COMMISSIONER, NEW YORK
STATE DEPARTMENT OF HEALTH.

---

Proceeding pursuant to CPLR article 78 (transferred to the
Appellate Division of the Supreme Court in the Fourth Judicial
Department by order of the Supreme Court, Livingston County [Robert B.
Wiggins, A.J.], entered December 18, 2012) to review a determination
of respondent Nirav R. Shah, Commissioner, New York State Department
of Health.  The determination adjudged that petitioner was not
eligible for Medical Assistance for nursing facility services for a
period of 11.31 months.

It is hereby ORDERED that the order so appealed from is
unanimously vacated without costs and the matter is remitted to
Supreme Court, Livingston County, for further proceedings.

Memorandum:  Petitioner's attorney has advised us that petitioner
died before Supreme Court transferred this CPLR article 78 proceeding
to this Court, and that to date a legal representative for petitioner
has not been designated (*see* CPLR 1015 [a]; 1021).  " '[I]t is well
settled that the death of a party divests a court of jurisdiction to
conduct proceedings in [a proceeding] until a proper substitution has
been made pursuant to CPLR 1015 (a) . . . , and any order rendered
after the death of a party and before the substitution of a legal
representative is void' " (*Matter of Sills v Fleet Natl. Bank*, 81 AD3d
1422, 1423; *cf. Matter of Giaquinto v Commissioner of the N.Y. State
Dept. of Health*, 91 AD3d 1224, 1225 n 1, *lv denied* 20 NY3d 861; *Grant
v Blum*, 76 AD2d 823, 823).  Here, because petitioner died before the
court transferred this proceeding to us, the transfer order is void,
and we thus conclude that under these circumstances the proceeding is
not properly before us (*see generally Matter of Cappon v Carballada*,

93 AD3d 1179, 1180).